THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON W. SADLER,<br><br>Defendant. | CASE NO. CR23-0113-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for review of a detention order (Dkt. No. 36). Having thoroughly considered the briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

Defendant was indicted for Possession of Controlled Substances with Intent to Distribute (Count 1) and Possession of Contraband in Prison (Count 2). (Dkt. Nos. 1, 3.) Upon his arraignment, the Government moved for pretrial detention, citing Defendant's risk of nonappearance and the danger he presented to the community. (Dkt. No. 11 at 1–2.) The Honorable S. Kate Vaughan, United States Magistrate Judge, ordered that Defendant be detained pending trial. (Dkt. No. 16.)[1] At the time, Judge Vaughan found that Defendant failed to

---

[1] Nevertheless, some 160 days later, Defendant was inadvertently released after completing a separate sentence on a supervised release violation, as ordered by the Honorable James L. Robart, Senior United States District Judge. (Dkt. No. 35 at 2.)

ORDER
CR23-0113-JCC
PAGE - 1

overcome the rebuttable presumption that no condition or combination of conditions would reasonably assure the safety of any other person in the community, given the Government's presentation of probable cause to believe that Defendant committed a drug offense with a maximum sentence of ten years or more. (Dkt. No. 16 at 2.) Defendant has since entered a guilty plea to Count 2 of the Indictment. (Dkt. Nos. 27, 30.) Sentencing is set for July 30, 2024. (Dkt. No. 27.)

Nevertheless, Defendant filed a motion to reopen his detention hearing, on the grounds that he was admitted into a long-term drug treatment program. (Dkt. No. 31.) Judge Vaughan denied the motion, citing Defendant's "repeated decisions to abscond from Court supervision," his most recent conduct, and his criminal history. (Dkt. No. 35 at 3–4.) Accordingly, Judge Vaughan concluded Defendant could not meet his burden "of showing by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released." (*Id.*) Defendant now seeks review[2] of Judge Vaughan's finding. (*See generally* Dkt. No. 36.) For the reasons described below, this Court affirms Judge Vaughan's finding.

Where, as here, there is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed, there is a rebuttable presumption that "'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting 18 U.S.C. § 3142(e)). Although the presumption shifts the burden of production to a defendant, the burden of persuasion remains with the Government. *See Hir*, 517 F.3d at 1086. A finding that the defendant is a danger to any other

---

[2] This Court's review of that finding is *de novo* and allows for the introduction of new evidence. *See* 18 U.S.C. § 3145(b); *see United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990) ("If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.").

1  person or the community must ordinarily be supported by "clear and convincing evidence." 18
2  U.S.C. § 3142(f)(2)(B). Whereas the Government may demonstrate a risk of flight by a
3  preponderance of the evidence. *See United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th
4  Cir. 2019).

5        Defendant asks this Court to revoke Judge Vaughan's detention order, so as to allow him
6  to enter long-term inpatient treatment, lasting between six and twelve months. (Dkt. No. 36 at 1.)
7  Defendant maintains that the treatment center's strict rules and focus on substance use treatment
8  mitigate his risk of nonappearance and the danger he poses to the community. (*Id.* at 5.) But as
9  Judge Vaughan pointed out in her initial detention order, Defendant previously absconded from a
10 residential re-entry center, has had numerous failures to appear, and tried to flee when he was
11 apprehended on this case. (Dkt. No. 16 at 5.) Defendant's motion for review did not address what
12 the Court is to do with this history. (*See generally* Dkt. No. 36.) Nor does it directly address how
13 he would not pose a threat to the community should he abscond again, particularly in light of his
14 criminal conduct in this matter and his criminal history more generally. (*See generally id.*) This
15 includes sneaking extensive amounts of controlled substances into a federal detention center and
16 numerous violent offenses, which are particularly troubling. (*See* Dkt. Nos. 5 at 4–10, 29 at 5–6.)

17       As did Judge Vaughan, the Court FINDS that no condition or combination of conditions
18 will reasonably assure Defendant's appearance and the safety of the community.[3] Accordingly,
19 the Court DENIES Defendant's motion for review of Judge Vaughan's detention order (Dkt. No.
20 36).
21 //
22 //
23 //

---

[3] Moreover, it notes that rehabilitation is not a relevant consideration in a pretrial or presentencing detention determination. *See* 18 U.S.C. § 3143.

DATED this 12th day of July 2024.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR23-0113-JCC
PAGE - 4